**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| GABRIEL MALDONADO VASQUEZ,<br><br>                    Petitioner,<br><br>      v.<br><br>OSCAR AVILES, *et al.*,<br>                    Respondents. | Civil Action No.: 15-2341<br><br>**MEMORANDUM OPINION** |

**CECCHI, District Judge.**

## I.      INTRODUCTION

This matter comes before the Court by way of the Petition for a Writ of Habeas Corpus, filed by counsel for Petitioner Victor Manibo, Esq. (ECF No. 1) and by way of Petitioner's Emergency Motion to Stay Removal (ECF No. 6). The Court held a hearing via telephone conference with the parties on the matter on April 15, 2015. For the reasons set forth below, the Court will dismiss the Petition, will vacate the temporary restraining order previously entered by the Court, and will deny the Petitioner's request to hold Respondents in contempt.

## II.      BACKGROUND

On April 2, 2015, Petitioner Gabriel Maldonado Vasquez ("Petitioner"), by and through his counsel Victor Manibo, Esq., filed a Petition for a Writ of Habeas Corpus in this Court, seeking Petitioner's release from detention at the Hudson County Correctional Facility in Kearny, New Jersey, and an injunction prohibiting Respondents from transferring Petitioner out of this Court's jurisdiction. See Petition for Writ of Habeas Corpus ("Petition") (ECF No. 1).

Petitioner is a citizen of Guatemala, who has been residing in the United States since he entered this country in 1994, when he was six years old. Petition at ¶ 11. The New York Immigration Court ordered that Petitioner be removed from the United States on January 25, 2007, though Petitioner was not taken into custody or removed from the United States at that time. Id. at ¶ 13. Immigration and Customs Enforcement ("ICE") agents arrested Petitioner on March 16, 2015 and detained Petitioner at Hudson County Correctional Facility pending his removal. Id. at ¶ 15.

On April 2, 2015, Petitioner's counsel was informed that Petitioner was likely to be removed, as he was ineligible for immigration relief due to certain misdemeanor convictions. Id. at ¶ 18. Petitioner filed an I-246 Application for Stay of Removal with ICE, see Petition at ¶ 17, Ex. F, but the application was denied on April 7, 2015, see Emergency Motion for Stay of Removal (ECF No. 6), Ex. H. Also on April 2, 2015, Petitioner filed the Petition with this Court, challenging the legality of his detention as being in violation of Petitioner's due process rights and as being in violation of 8 U.S.C. § 1231 as interpreted by the Supreme Court in Zadvydas v. Davis, 533 U.S. 678 (2001) and Clark v. Martinez, 543 U.S. 371 (2005).[1] See Petition at ¶¶ 19-37. In addition, at approximately 5:53 p.m. on April 7, 2015, Petitioner filed an Emergency Motion for Stay of Removal, stating that Petitioner was due to be removed by Friday, April 10, 2015, and stating that Petitioner should not be removed as he is eligible for immigration relief

---

[1] Zadvydas and Clark placed limits on the time period during which an alien may be detained after being ordered removed from the United States. See Zadvydas, 533 U.S. at 701-02 (holding that the "post-removal-period detention statute" implicitly limits an alien's detention to a period reasonably necessary to bring about the alien's removal and does not permit indefinite detention); Clark, 543 U.S. at 371 (six-month presumptive period during which alien's detention is reasonably necessary to effectuate removal also applies to inadmissible aliens).

under the Deferred Action for Childhood Arrivals ("DACA") program.  See Emergency Motion for Stay of Removal at 5-8.

At approximately 1:22 p.m. on April 8, 2015, the Honorable Jose L. Linares entered an order temporarily enjoining Petitioner's removal until such time as the parties would have an opportunity to be heard and the emergency motion considered by the undersigned.  See Order entered April 8, 2015 ("TRO"), ECF No. 8.  Counsel for Respondents filed a letter with the Court on April 9, 2015, informing the Court that Petitioner had been removed from the United States at 9:45 a.m. on April 8, 2015, before counsel for Respondents received a copy of the Petitioner's Emergency Motion for Stay of Removal and before the Court issued the TRO, and arguing, in any event, that the Court lacks jurisdiction over the Petition because district courts lack subject matter jurisdiction to review orders of removal.  See Letter from Assistant U.S. Attorney Jordan M. Anger, dated April 9, 2015 ("April 9 Letter") (citing Chuva v. Attorney General of the United States, 432 F. App'x 176 (3d Cir. 2011)).

On April 10, 2015, Petitioner's counsel filed a Declaration to Hold Respondents in Contempt and in further support of Petitioner's Emergency Motion for Stay of Removal ("Manibo Decl.," ECF No. 11), arguing that this Court has jurisdiction over the Petition despite Petitioner's removal because Petitioner was "in custody" at the time the Petition was filed, stating that "Respondents were fully aware of the [Emergency Motion for Stay of Removal] and the impending [TRO] *before* Petitioner was deported," and requesting that this Court hold Respondents and their counsel in contempt "for purposely violating this Court's Order *not* to remove Petitioner," and requesting that Respondent "bring Petitioner back to the U.S."  See generally Manibo Decl. (citing Chong v. Dist. Dir., INS, 264 F.3d 378, 392 (3d Cir. 2001)).

3

## III.   **DISCUSSION**

The REAL ID Act of 2005 stripped district courts of jurisdiction to consider habeas

petitions seeking review of final orders of removal.  8 U.S.C. § 1252(a)(5); see also Sapunxhiu v.

Mukasey, No. 06-3975, 2008 WL 360984, at *3 (D.N.J. Feb. 8, 2008).  The REAL ID Act

provides that:

> Notwithstanding any other provision of law (statutory or nonstatutory) including section
> 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of
> such title, a petition for review filed with the appropriate court of appeals in accordance
> with this section shall be the sole and exclusive means for judicial review of an order of
> removal entered or issued . . . .

8 U.S.C. § 1252(a)(5).  Pursuant to this provision, district courts must dismiss petitions

challenging final orders of removal filed in district courts after the enactment of the REAL ID

Act.  Sapunxhiu, 2008 WL 360984, at *5 (citing Kolkevich v. Attorney General of the U.S., 501

F.3d 323, 337 (3d Cir. 2007)); see also Chuva, 432 F. App'x at 177 (affirming district court's

dismissal of habeas petition which sought "a stay of removal, an injunction stopping

[petitioner's] removal, and a decision on the merits of [petitioner's] claim of derivative

citizenship," as district court lacked subject matter jurisdiction pursuant to 8 U.S.C. § 1252).

When an alien files "a 'mixed petition' for habeas relief, in which the challenge to his detention

is 'grounded in the removal order rather than based on some inherent problem with the detention

itself,' the petition is subject to the REAL ID Act and may not be heard by the district court."

Sapunxhiu, 2008 WL 360984, at *3 (quoting Essuman v. Gonzales, 203 F. App'x 204, 211-12

(10th Cir. 2006)).

Having considered the submissions of the parties, the Court concludes that it lacks

subject matter jurisdiction over the Petition, pursuant to 8 U.S.C. § 1252(a)(5), as Petitioner's

challenge to his detention is grounded in the removal order.  See Essuman, 203 F. App'x at 211-

12.  To the extent Petitioner seeks to challenge the legality and/or length of his detention incident

to his removal, his Petition was rendered moot upon his removal. See Kurtishi v. Cicchi, 270 F.

App'x 197, 199 (3d Cir. 2008) (agreeing that district court was without jurisdiction to consider

petitioner's challenge to his order of removal, and dismissing appeal from dismissal of habeas

petition as moot because petitioner was no longer detained and had already been deported);

Abdala v. INS, 488 F.3d 1061, 1065 (9th Cir. 2007) (holding that habeas petition, which only

challenged the length of petitioner's detention at INS facility from which he was deported six

weeks later, and which asserted no collateral consequences of deportation that his original

petition could have redressed, was moot as of the date of his deportation).

Petitioner argues that this Court continues to have jurisdiction over the Petition based on

the Third Circuit's decision in Chong, 264 F.3d at 386. There, the Third Circuit, in reaching the

merits of a habeas petition challenging an order of removal, concluded that the petition was not

mooted by the petitioner's deportation due to collateral consequences suffered by the petitioner

as a result of his deportation. Id. However, Chong was decided before the passage of the REAL

ID Act, which stripped district courts of jurisdiction to review orders of removal. "[T]here must

be some remaining collateral consequence that may be redressed by success on the petition," for

a habeas petition to continue to present a live controversy. Abdala, 488 F.3d at 1064. Here, the

Petition on its face seeks review of Petitioner's detention, which was fully resolved upon

Petitioner's release from custody, and to the extent it seeks review of Petitioner's removal,

pursuant to an existing order of removal, the Court is without jurisdiction to consider it. See

Kurtishi, 270 F. App'x at 199; see also Kumarasamy v. Attorney General of the U.S., 453 F.3d

169, 172 (3d Cir. 2006) (REAL ID Act does not apply to claims that deportation was illegal

because there was *no* order of removal, but only to claims seeking review of existing order of

removal). Therefore, the Court will vacate the TRO, will deny Petitioner's Emergency Motion to Stay Removal, and will dismiss the Petition.

Finally, the Court concludes that Respondents could not have violated the TRO, as Petitioner was removed from the United States at 9:45 a.m. on April 8, over three hours before the TRO was issued, see April 9 Letter, Ex. A.

## IV.   **CONCLUSION**

Based on the reasons set forth above, the Court will vacate the TRO entered April 8, 2015, the Court will dismiss the Petition, and the Court will deny Petitioner's request to hold Respondents and their counsel in contempt. An appropriate order accompanies this Opinion.

Dated: April 24, 2015

_____
**CLAIRE C. CECCHI, U.S.D.J.**